**BICKERTON v YOUNGSTOWN (city)**

Ohio Appeals, 7th Dist, Mahoning Co

No 2373.   Decided April 2, 1937

John Ruffalo, Youngstown, for appellee.
Wm. E. Lewis, Youngstown, for appellant.

**OPINION**

By ROBERTS, J.

This cause comes into this court from the Court of Common Pleas upon an appeal of errors of law. Only one error is urged as reversible by counsel for the appellant, as will hereinafter he more fully stated. The appellee, Glenn D. Bickerton, Jr., on the 1st day of August, 1932, when he was eight years of age, fell and broke and injured his left elbow by reason of coming in contact with an admittedly defective condition in the sidewalk in front of the residence of his parents in the city of Youngstown, of which defect the city had actual and constructive notice for such a length of time as to comply with the requirements of the law in that respect. When

this boy was two years old he fell and injured the same elbow, but from which injury the evidence indicates he had fully recovered. In the trial of the case in the Court of Common Pleas the jury returned a verdict in favor of the plaintiff in the sum of $8500.00. It is claimed on behalf of the city that it is entitled to a new trial in that this verdict violated provision 4 of §11576 GC, which reads as follows:

"Excessive damages appearing to have been given under the influence of passion and prejudice."

This, as has been stated, is the only claim of reversible error.

It is not necessary to go very deeply into the details in the consideration of this proposition. The testimony, medical and otherwise, indicated that the accident complained of resulted in a very serious fracture of the bones of the left elbow of the plaintiff. The treatment in the attempted recovery for this injury was long, tedious and painful. The boy's arm was in a cast for many weeks. While the cast was on, the arm was flexed as far as possible and made immovable in that condition. After the removal of the cast force was repeatedly and almost continually applied to again regain some mobility in the joint, which had become stiff and practically solid by reason of being encased in the cast. For a time a weight was attached to the wrist of the boy to assist in this result. However, as found in the medical evidence, the elbow had been so fractured and pulverized that ability to flex the elbow by turning to the left or right or to straighten it out, was to a very considerable extent permanently lost. Although the boy is otherwise in good health and developing well, the arm is considerably smaller than the other and failing to develop with the rest of his body. There is no doubt from the evidence that the injury and disabling results are permanent and will to a considerable extent impair his ability to engage in the ordinary physical activities of life. His ability to gain employment or perform physical labor will be considerably impaired. Under these conditions this court is very decidedly of the opinion that the verdict was not excessive or the result of passion and prejudice and the judgment of the Court of Common Pleas is therefore affirmed.

NICHOLS and CARTER, JJ, concur.